# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES CORNWELL,**
**D.O.C. # B-533696,**

    **Plaintiff,**

vs.                                 **Case No. 4:17cv36-RH/CAS**

**SHERIFF NARCO,**
**DR. THOMAS CASTILLENTI,**
**and DR. JOHN DOE,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed an amended complaint which now clarifies the persons named as Defendants in this civil rights action filed under 42 U.S.C. § 1983. ECF No. 9. Plaintiff asserts claims against Sheriff Narco from Pasco County, Florida, Dr. Castillenti, a surgeon in Dade City, Florida, and a "John Doe" doctor at the Pasco County Jail. *Id.* at 1-2. Plaintiff is incarcerated at Lancaster Correctional Institution in Trenton, Florida. *Id.* at 2. The events at issue in this case took place in Pasco County, Florida. ECF No. 9 at 5-6. However, Pasco

County is not within the territorial jurisdiction of this Court; it is within the Middle District of Florida.  28 U.S.C. § 89(b).  Therefore, this case was filed in the wrong district and venue is not appropriate here.

In general, a civil action may be brought in "a judicial district in which any defendant resides,"  28 U.S.C. § 1391(b)(1), or a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(2).  None of the Defendants reside within the Northern District of Florida and the events occurred in Pasco County.  Accordingly, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Tampa Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v.

Case No. 4:17cv36-RH/CAS

<u>New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988).

Justice is better served to transfer this case rather than dismiss it.

## **RECOMMENDATION**

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2017.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv36-RH/CAS